NO. 07-01-0166-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C


 

APRIL 24, 2002



______________________________




JACK HAMONS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 182ND DISTRICT COURT OF HARRIS COUNTY;



NO. 865781; HONORABLE JEANNINE BARR, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Jack Hamons appeals from his murder conviction based on a plea bargain
honored by the trial court. By two issues he asserts the trial court erred in accepting his
guilty plea even though evidence suggested that appellant was incompetent to stand trial. 
We dismiss for want of jurisdiction. 


BACKGROUND

 On January 29, 2001, appellant pled guilty to murder. The trial court found him
guilty, honored a plea bargain between the State and appellant, and sentenced him to 30
years incarceration in the Texas Department of Criminal Justice, Institutional Division. 

 On February 6, 2001, the District Clerk of Harris County filed a handwritten, pro se
notice of appeal signed by appellant. The notice of appeal had three sections:
"Background," "Jurisdiction" and "Arguments And Authorities." In the Background section,
appellant recited his guilty plea and sentence in the trial court. In the Jurisdiction section,
he generally referenced his right of appeal from an appealable order, his constitutional due
process rights and the trial court's duty to forward his notice of appeal to the appellate
court. In the Arguments and Authorities section he enumerated three subsections. In the
first subsection he set out that he ". . . has Grounds for This Appeal Ranging From
Appealable Motions And including ineffective Assistance of Counsel." Subsection 2
asserted that his right to due process was severely abrogated by the fact that three
separate counsel were involved on his behalf in the trial court. Subsection 3 asserted that
none of his trial counsel was able to adequately defend him and that discovery motions
that should have been filed were not. He also timely filed a separate, preprinted general
notice of appeal which simply stated that "defendant gives notice of appeal of his
conviction."

 Before we address appellant's issues, we must address the State's challenge to our
jurisdiction. The State urges that the form of appellant's notices do not comply with Tex.
R. App. P. 25.2(b)(3), (1) and that we have jurisdiction only to dismiss the appeal.

 Appellant responds with three arguments for his position that our jurisdiction has
been invoked by his notices. First, he argues that our jurisdiction has been invoked
because the record does not contain an order denying permission to appeal and the trial
court knew the issues appellant was concerned about before appellate counsel was
appointed. Under such circumstances, he posits, the trial court's appointment of appellate
counsel was impliedly a grant of permission to appeal. Second, he argues that his notices
substantially comply with the requirements of TRAP 25.2(b)(3) because his notices were
timely filed and the information required to be specified in the notice is contained
elsewhere in the record. Third, appellant urges that a general notice of appeal invokes our
jurisdiction to consider the voluntariness of his plea. He asserts that because his appellate
issues bear on his competency, which goes to the issue of the voluntariness of his plea,
his general notice suffices to give appellate jurisdiction and to allow amendment of the
notice if necessary. 

LAW 

 Notice of appeal from a criminal conviction must be in writing and must contain the
necessary jurisdictional allegations. See TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408,
410 (Tex.Crim.App. 2000). A notice of appeal which does not conform to jurisdictional
requirements or contain jurisdictional assertions will not invoke the jurisdiction of the court
of appeals. See id. at 411. A general notice of appeal does not invoke the appellate
court's jurisdiction to consider allegations of jurisdictional defects in the trial court
proceedings if the conviction is based on a defendant's plea of guilty or nolo contendere
under Code of Criminal Procedure article 1.15, and the punishment assessed did not
exceed the punishment recommended by the prosecutor and agreed to by the defendant. 
See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). Nor does a general notice
of appeal in such a case invoke appellate jurisdiction to challenge voluntariness of the plea
unless the trial court grants permission to appeal and the notice of appeal so states. See
Cooper v. State, 45 S.W.3d 77, 81 (Tex.Crim.App. 2001). 

ANALYSIS AND CONCLUSION

 Appeal by a defendant from conviction for a crime is not difficult, in general. Appeal
is perfected and the appellate court's jurisdiction is invoked by timely filing with the trial
court clerk a written notice that shows the party's desire to appeal from the judgment. See
TRAP 25.2(b)(1), (2). The exception to such simple manner of appeal is if appeal is from
a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of
Criminal Procedure article 1.15, and the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant. Under such
circumstances the manner in which appeal is perfected and appellate jurisdiction is invoked
is not complex, but the manner of perfecting appeal is explicitly excepted from the general
procedure of simply filing a written notice of desire to appeal. TRAP 25.2(b)(3) mandates
that the notice of appeal from such a plea-bargained conviction must (a) specify that the
appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (c) state that the trial court granted permission
to appeal. See TRAP 25.2(b)(3); White, 61 S.W.3d at 428; Young v. State, 8 S.W.3d 656,
666-67 (Tex.Crim.App. 2000). 

 Appellant's preprinted general notice of appeal does not comply with requirements
to invoke our jurisdiction over his conviction which was based on an honored plea bargain. 
See White, 61 S.W.3d at 428. Nor does his somewhat expansive handwritten notice of
appeal comply with the requirements of TRAP 25.2(b)(3) so as to invoke appellate
jurisdiction. The handwritten notice sets out appellant's desire to appeal from his
conviction because (1) he had three separate counsel, none of whom properly defended
him, and (2) he has grounds for the appeal ranging from appealable motions and including
effective assistance of counsel. Clearly, the notice does not specify an alleged
jurisdictional defect in the trial court, specify that any appealable motion was a written
motion ruled on before trial or state that the trial court granted permission to appeal. See
TRAP 25.2(b)(3). 

 Appellant's positions, at bottom, ask us to disregard the plain language of TRAP
25.2(b)(3)(C) which mandates what his notice of appeal must state. The Court of Criminal
Appeals has instructed that language of TRAP 25.2(b)(3) is clear and specific, and should
be interpreted according to its plain meaning. See White, 61 S.W.3d at 428-29. Because
appellant's notices of appeal do not include statements required by TRAP 25.2(b)(3) to
invoke our jurisdiction and the forms of the notices are defective and do not comply with
the jurisdictional requirements of TRAP 25.2(b)(3), our jurisdiction is not invoked and we
do not have jurisdiction to inquire further into the matter, even to examine the record for
an implied grant of permission to appeal or to see if information required to be specified
in the notice is contained elsewhere in the record. We have jurisdiction only to dismiss the
appeal. See id. at 428; Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). 

 Moreover, appellant's third argument has been directly addressed by the Court of
Criminal Appeals. Voluntariness of a plea may not be asserted on appeal in a case falling
within the ambit of TRAP 25.2(b)(3) unless the notice of appeal states that the trial court
gave permission to appeal. See Cooper, 45 S.W.3d at 81. As noted above, appellant's
notice does not so state, and TRAP 25.2(d) does not permit an appellate court to grant a
motion to amend the notice of appeal if the amendment sought to be made is jurisdictional. 
See Riewe, 13 S.W.3d at 413-14. If the original notice of appeal fails to invoke jurisdiction
of the appellate court, then an out-of-time amendment cannot serve to invoke jurisdiction. 
Once its jurisdiction is lost, an appellate court lacks the power to invoke any rule to
thereafter obtain jurisdiction. Id. at 413. 

 The appeal is dismissed for want of jurisdiction. 


 Phil Johnson

 Justice



Do not publish. 


1. Reference to a provision of the Rules of Appellate Procedure hereafter will be by
reference to "TRAP_." 


sdException Locked="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0275-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 



JULY 30, 2010

 



 

GERALD BROWDER,  

 

                                                                                         Appellant


v.

 

JAMES LOWELL PENTON, JR., AS THE INDEPENDENT EXECUTOR OF THE
ESTATE OF JAMES LOWELL PENTON, DECEASED, 


 

                                                                                         Appellee

_____________________________

 

FROM
THE PROBATE COURT OF DENTON COUNTY;

 

NO.
PR-2008-00217-02; HONORABLE DON R. WINDLE, PRESIDING

______________________________

 

Abatement and Remand

______________________________

 

Before QUINN, C.J., and CAMPBELL
and PIRTLE, JJ.

            Gerald Browder, appellant, appeals a
judgment of the Probate Court of Denton County in favor of James Lowell Penton, Jr., as the Independent Executor of the Estate of
James Lowell Penton, deceased, appellee.  On July 20, 2010, appellant and appellee, through their counsel, filed a joint motion to
abate the appeal and permit proceedings in the trial court to effectuate a
settlement agreement.  See Tex. R. App. P. 42.1(a)(2)(C) (authorizing same). 
The parties have reached an agreement to settle and compromise their
differences and disputes, not only on the issues which are the subject of this
appeal, but also in collateral proceedings.

Accordingly,
the cause is remanded to the Probate Court for Denton County, Texas (trial
court) to effectuate the purported settlement under the guidance of the trial
court.  The latter is directed to execute those orders it deems necessary
to that end.  A copy of any orders executed must then be included
in a supplemental clerk's record and delivered to this court on or before
August 30, 2010, along with the joint motion of the parties requesting the
reinstatement and dismissal of the appeal.  Should such a motion not be
received by that date, the appeal will be dismissed for want of prosecution.

            It is so ordered.

 

                                                                                    Per
Curiam